■ Nine Eleven Park, Inc., Respondent, v Doris E. Finkel, Appellant. — Order, Supreme Court, Appellate Term, First Department, entered June 4, 1981, which modified a judgment of the Civil Court (Nason, J.), entered September 16, 1980, awarding in a holdover proceeding possession of the subject premises to tenant but denying her application for costs and attorney's fees, to extent of awarding possession to the petitioner landlord, unanimously reversed, on the law, with costs, the judgment of the Civil Court modified to award to respondent attorney's fees and expenses, and as modified, judgment of the Civil Court reinstated, and remanded for hearing to determine amount of fees and costs. On October 15, 1958, Dr. Seymour Wimpfheimer became the owner and proprietary lessee of apartment 1B in respondent's co-operative premises at 911 Park Avenue. The apartment is located on the ground floor and has a private entrance on the street. Paragraph 16 of the proprietary lease provides in pertinent part that "the ground floor of any apartment which has a private entrance on the street may be used as a doctor's office for not more than five doctors, who shall be associates or licensees of the Lessee." Beginning in 1959, the apartment was used as a medical office by Dr. Wimpfheimer and Dr. Alan Davidson. In 1967, Dr. Wimpfheimer, for estate planning purposes, applied to the board of directors for permission to transfer the lease to his daughter, Doris Finkel, the tenant. The petitioner's board of directors consented to the assignment in a resolution providing in part that the consent was "on condition that the office shall be occupied only by Dr. Wimpfheimer and his nephew, Dr. Alan Davidson, or such other subtenants or licensees as may hereafter be approved by the Board of Directors, in accordance with the terms of the proprietary lease." Finkel acknowledged receipt of a copy of the resolution, thereafter executed acceptance of the assignment and assumption of the lease, and then subleased the premises to Drs. Wimpfheimer and Davidson. In February, 1969, Dr. Tobias joined the practice and in 1971 the three doctors formed a professional corporation. Thereafter, in July, 1979, Dr. Bacall became associated with the practice. After sporadic exchanges of correspondence, petitioner served on Finkel a 10-day notice to cure, alleging in substance that she had violated an obligation of her tenancy in that she had permitted others, "including a Professional Corporation, not authorized by the Board of Directors or shareholders of [the petitioner], to use and occupy the apartment without full compliance with the requirements of paragraphs '16' and '17' of said lease." A summary holdover proceeding was instituted by petitioner, which resulted after trial in a judgment of possession in favor of the tenant dismissing the co-operative's petition. On appeal, Appellate Term (Dudley P. J., dissenting), modified the judgment to award possession of the premises to petitioner, but stayed issuance of the warrant for 120 days to permit reconsideration of the final judgment of possession in the event that Dr. Bacall's use of the premises was to be terminated. Thereafter the Appellate Term granted the tenant leave to appeal to this court. The order and judgment entered by Appellate Term in favor of the petitioner is reversed. The judgment entered by the Civil Court is reinstated, with the single modification that respondent is to receive attorney's fees and expenses incident to the proceeding, and the matter is remanded to the Civil Court to fix the amount of such

fees and expenses. In awarding judgment in favor of petitioner, Appellate Term concluded that the tenant had violated the lease when, without permission of petitioner's board of directors, she had allowed the use of the office for medical practice by doctors other than Drs. Wimpfheimer and Davidson. Appellate Term found that the violation had been waived by petitioner as to Dr. Tobias but had not been waived as to Dr. Bacall. The pertinent sections of the proprietary lease provide that the apartment in question may be used as a medical office by up to five doctors and impose no requirement that the permission of the board of directors be secured. Appellate Term's determination necessarily depends upon the conclusion that the resolution, imposing a condition on the assignment of the lease by Dr. Wimpfheimer to the tenant, effected a modification of the lease binding on the tenant. We disagree. Paragraph 7 of the lease explicitly prohibits any change or alteration in its terms unless the change is approved by lessees owning at least two thirds in amount of petitioner's capital stock. No such approval has been demonstrated in this record. Accordingly, the resolution was legally ineffective to modify the terms of the lease, even if such a modification were intended. Moreover, nothing on the face of the resolution, or in the surrounding circumstances, discloses an intent to modify the terms of the lease. Nor does the record disclose any action by the tenant that could be regarded as her agreement to such a modification. Indeed, when the resolution is examined in light of the discussion which led to its adoption, it becomes immediately clear that the board had not intended to impose a limitation on the use of the premises of a kind not set forth in the controlling sections of the lease. The resolution quite clearly was the result of a misunderstanding by members of the board that the lease prohibited the use of the premises for medical practice by any doctor other than Dr. Wimpfheimer and that a violation had already occurred when Dr. Davidson had entered into practice without the prior permission of the board. The board's manifest concern was to reaffirm this understanding of the lease, an understanding that was in fact erroneous. Under section 234 of the Real Property Law, tenant's right to recover reasonable attorney's fees and expenses incurred in the defense of this summary proceeding is clear. In reinstating the Civil Court judgment, we accordingly modify it to include a judgment for the tenant for such fees and expenses and remand to the Civil Court for a hearing to determine the amount. Concur — Sandler, J. P., Sullivan, Silverman and Bloom, JJ.